IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE S. BOLEN,                          :

    Plaintiff,                       :

vs.                                      :        CA 07-0516-C

MICHAEL J. ASTRUE,                       :
Commissioner of Social Security,
                                         :
    Defendant.


**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income.[1] The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case .

---

[1] During oral argument, plaintiff's counsel advised the Court that at the 2005 administrative hearing he amended Bolen's onset date to October 10, 2002, thereby effectively precluding plaintiff's Title II claim for disability insurance benefits. Therefore, in this case, the Court is solely looking at plaintiff's Title XVI claim for supplemental security income benefits.

. . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 19 (order of reference)) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the February 26, 2008 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

Plaintiff alleges disability due to coronary artery disease, compensated cardiomyopathy, hypertension, chronic obstructive pulmonary disease, and significant bilateral peripheral arterial disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> 2.  The claimant has impairments including coronary artery disease, compensated cardiomyopathy, hypertension, and chronic obstructive pulmonary disease, that impose a significant limitation on his ability to perform some basic work activities. The claimant has no documented severe mental impairment.
>
> 3.  The claimant's impairments, when considered individually or in combination, do not meet or equal the conditions set forth in any Listing of Impairment in 20 CFR 404, Subpart P, Appendix I, including any section set forth in the

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

2

cardiovascular listings.

4.     The claimant has the physical residual functional capacity to perform unlimited standing and sitting, to walk for one hour at one time, and to walk three to four hours total per eight hour workday. The claimant further has the residual functional capacity to constantly lift fifteen pounds, to frequently lift twenty pounds, to occasionally lift twenty-five pounds, to constantly carry fifteen pounds, to frequently carry twenty pounds, and to occasionally carry twenty-five pounds. The claimant has the ability to constantly push and pull with the right and left arm, to constantly handle, finger, feel, talk, hear, and reach overhead, to frequently push and pull with the right and left leg, and to occasionally climb, balance, stoop, kneel, crouch, and crawl. Finally, the claimant is able to occasionally work in environments involving extreme cold, extreme heat, wetness/humidity, vibration, proximity to moving mechanical parts, high, exposed places, and driving automotive equipment. The claimant can never work around exposure to fumes, noxious odors, dust, mists, gases, and poor ventilation (See Exhibit 19F). The claimant has no documented severe mental impairment and, consequently, has no limitations on his ability to perform at least unskilled work activities from a mental standpoint (See Exhibit 20F).

5.     The claimant is not able to perform his past relevant work as a deck hand and a shipping clerk.

6.     The claimant has been categorized under the regulations as either a younger person or a person approaching advanced age under the regulations, and he obtained a high school education.

7.     There are jobs that exist in significant numbers in the national economy that the claimant can perform, as described in the body of this decision.

8.     The claimant has not been disabled under the Social

Security Act at any time through the date of this decision.

(Tr. 313-314) The Appeals Council affirmed the ALJ's decision, finding no reason to assume jurisdiction. (Tr. 297-299)

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform light work as a cafeteria attendant, security guard and self-serve-station cashier, is supported by substantial evidence. Substantial evidence is defined as more

than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).   "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff contends that the ALJ erred in finding that he retains the residual functional capacity to perform light work and erred in failing to develop a full and fair record. Because the undersigned agrees with the plaintiff that the ALJ erred in failing to develop a full and fair record,[3] the undersigned considers only tangentially the other error raised by Bolen. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

---

[3]     As explained, *supra*, this case is also due to be remanded to the Commissioner of Social Security under sentence four because the Appeals Council "'did not adequately consider the additional evidence[]'" presented to it. *Hoffman v. Astrue*, 2007 WL 4336440, *6 (11thCir. 2007), quoting *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984); *see also Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("When no new evidence is presented to the Appeals Council and it denies review, then the administrative law judge's decision is necessarily reviewed as the final decision of the Commissioner, but when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous.").

It is well established in this circuit that "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *see also Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000) ("[The SSA] has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA 'conducts the administrative review process in an informal, nonadversary manner."), *cert. denied sub nom. Fleetwood Homes of Florida v. Massanari*, 534 U.S. 814, 122 S.Ct. 39, 151 L.Ed.2d 12 (2001); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) ("Wilson is correct that the ALJ has a duty to develop the record fully and fairly."); *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) ("The ALJ plays a crucial role in the disability review process. Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him."). In this case, the ALJ failed to fulfill this duty because he did not include limitations on plaintiff's residual functional capacity that result from his

chronic obstructive pulmonary disease as instructed by the Appeals Council. (*See* Tr. 342 ("The hearing decision [] finds the claimant has severe coronary artery disease and chronic obstructive pulmonary disease and concludes that the claimant can do sedentary work. However, the residual functional capacity does not include limitations that result from the chronic obstructive pulmonary disease. Therefore, further evaluation of the residual functional capacity is warranted.")) Instead, the ALJ did the same thing that the previous ALJ had done, which was to find plaintiff suffers from severe coronary artery disease and chronic obstructive pulmonary disease and then conclude plaintiff can perform light work (instead of sedentary work) based upon a residual functional capacity evaluation performed by a cardiologist that contains no limitations that result from plaintiff's chronic obstructive pulmonary disease. That limitations result from plaintiff's chronic obstructive pulmonary disease is clear not only based upon the Appeals Council's order (Tr. 342) but also from the ALJ's determination that this impairment is a severe impairment (Tr. 313). *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (an impairment is severe if it "significantly limits claimant's physical or mental ability to do basic work activities."); 20 C.F.R. § 416.920(c) (2007) ("If you do not have any impairment or combination of impairments which

significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.").

The defendant's argument, that the ALJ properly relied upon Dr. Benjamin Citrin's evaluation since plaintiff's primary impairment is cardiac in nature and the evaluation otherwise sufficiently accounts for any limitations attendant to his chronic obstructive pulmonary disease, cannot withstand scrutiny for a number of reasons. First, nowhere in his evaluation does Dr. Citrin mention plaintiff's chronic obstructive pulmonary disease, much less include same as one of his diagnoses. (*See* Tr. 583 ("I evaluated Mr. Jesse Bolen for **cardiovascular disability** in the office today.")) In addition, Dr. Citrin's physical medical source opinion (Tr. 584-586) contains no indication that any impairments other than those cardiac in nature have been considered and is itself questionable given the doctor's equivocal concluding evaluation statement that "[a] stress test would be helpful given the difficulty in quantifying his activity level." (Tr. 583) Therefore, again, this case is in much the same physical-limitations posture as it was before the Appeals Council's remand of September 24, 2004 (Tr. 342-343), inasmuch as it contains no "limitations that result from the chronic obstructive pulmonary disease."

In failing to specifically note limitations resulting from plaintiff's chronic obstructive pulmonary disease the ALJ violated the mandate of the Appeals Council, 20 C.F.R. § 416.1477(b) ("The administrative law judge **shall** take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."), and, therefore, committed a reversible error of law, *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1375-1376 (N.D. Ga. 2006) ("The Appeals Council specifically mandated that 'further develop[ment]' of the record was required with regard to the demands of Claimant's past relevant work. In light of the Appeals Council's statements that the previous decision was deficient because of its treatment of the 'sit/stand option' and that further review was therefore required, this Court construes the Appeals Council's remand order as requiring the consideration of the 'sit/stand option' even if that consideration entailed the debunking thereof. As such, because the 'sit/stand option' was not considered or discussed, error has been committed."); *Hutchison v. Apfel*, 2001 WL 336986, *11 (N.D. Tex. 2001) ("It is clear from the record that the ALJ failed to follow the Appeals Council's order of remand in that he failed to further develop the plaintiff's RFC with specific references to the record, failed to obtain evidence from a vocational expert to clarify the

effect of the assessed limitations on plaintiff's occupational base, and failed to give further consideration to whether the request for hearing should be dismissed in part. As such, the ALJ erred as a matter of law."); *see also Allen v. Astrue*, 2007 WL 1276933, *3 (E.D. Pa. 2007) ("[W]hen a case is remanded to an ALJ from the Appeals Council with instructions to take certain actions, the ALJ 'shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.' Failing to abide by the Appeals Council's instructions may also constitute reversible error."); *Mann v. Chater*, 1997 WL 363592, *3 (S.D. N.Y. 1997) ("The ALJ failed to follow SSR 83-20, as specifically instructed by the Appeals Council . . . . The ALJ did not obtain sufficient evidence to determine whether the existing medical evidence relates to the period at issue. Also, the ALJ neglected to utilize medical experts to interpret plaintiff's record, or to attempt to call witnesses to develop plaintiff''s records. . . . The ALJ should have followed the order of the Appeals Council. [] Because he did not, I must remand this action."); *cf. Thompson v. Barnhart*, 2006 WL 709795, *11-12 (E.D. Pa. 2006) ("The ALJ has . . . committed legal error by not following the mandate of the court, and by not following the regulations of the Social Security Administration itself which require adherence to the

remand orders of the Appeals Council."). Accordingly, this cause is remanded for development of plaintiff's residual functional capacity as previously ordered by the Appeals Council.

In addition, another error committed by the Commissioner which requires the remand of this case under sentence four of § 405(g) is the Appeals Council's failure to consider the evidence submitted to it by plaintiff. *Hoffman, supra,* at \*6. Recently, in *Ingram, supra*, the Eleventh Circuit made clear that "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous[,]" pursuant to sentence four of § 405(g). 496 F.3d at 1262; *see also id.* at 1265 ("[W]e understand *Keeton* to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)."); *id.* at 1269 ("Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand. . . . To conclude otherwise, as both Ingram and the Commissioner contend, would be contrary to the plain meaning of the statute and our settled precedents,

11

notwithstanding *Vega*."). Therefore, where the evidence is not properly submitted to the Appeals Council for its consideration, remand under sentence six is appropriate. *Id.* at 1268.

> In *Milano v. Bowen*, we concluded that a district court correctly evaluated a motion to remand under sentence six instead of sentence four because Milano had submitted additional evidence to the Appeals Council one day after the deadline for review. Because Milano did not timely submit the new evidence, "[t]he supplemental items submitted to the Appeals Council by Milano were neither included in the administrative record nor mentioned when the request for review was denied." Because the Appeals Council refused to consider Milano's untimely evidence, we treated the evidence as if it had been first presented to the district court and held that "the district court properly evaluated the case under" sentence six.

*Id.* (internal citations omitted).

In this case, *Milano* is not controlling because the new evidence was submitted by plaintiff to the Appeals Council almost seven months prior to the issuance of its opinion (*compare* Tr. 605 (cover letter dated December 13, 2006) *with* Tr. 297-299 (Appeals Council decision dated June 2, 2007)) and is included in the administrative record (Tr. 606-615). *See Milano v. Bowen*, 809 F.2d 763, 765 (11th Cir. 1987) ("The supplemental items submitted to the Appeals Council by Milano were neither included in the administrative record nor mentioned when the request for review was denied."). While it is true that the Appeals Council makes no direct reference to the new evidence in its

12

decision denying review (Tr. 297-299) that administrative body does explicitly state the following: "We have considered the reasons you disagree with the Administrative Law Judge's decision dated September 23, 2005 and **all of the issues in the case**. We found no reason under our rules to assume jurisdiction." (Tr. 297) This Court takes from this statement, as well as the fact that the new evidence was marked as Appeals Council Exhibit 2 (Tr. 605 "AC 2")), that the Appeals Council was aware of the evidence and simply ignored it.

In this case, therefore, as in *Hoffman, supra*, at issue "is the 'sentence four remand,' which provides for remand when 'the Appeals Council did not adequately consider the additional evidence.'" *Id*. at \*6. Here, the Appeals Council did not adequately consider the new evidence; in fact, as aforesaid, they made no reference to the evidence. Remand is appropriate in this Title XVI case because the evidence will likely change the administrative outcome. *See Hoffman*, at \*6. There is nothing in the evidence submitted to the ALJ which is similar to the evidence supplied to the Appeals Council. This evidence, which reveals significant bilateral peripheral arterial disease (Tr. 611-612), casts into serious doubt the ALJ's conclusion that plaintiff can perform unlimited standing and frequent pushing and pulling with the right and left leg (*compare id. with* Tr. 313). Accordingly, this cause is additionally

remanded under sentence four of § 405(g) for consideration of the impact of the foregoing evidence upon plaintiff's ability to perform other work existing in significant numbers in the national economy.

## **CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g),[4] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412. *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over

---

[4] Although, as alluded to earlier, this Court's review of the denial of an application for supplemental security income falls squarely under 42 U.S.C. § 1383(c)(3), remand is proper under 42 U.S.C. § 405(g) because § 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

this matter.

**DONE** and **ORDERED** this the 12th day of March, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**